## Crosky *versus* Dodds.

A devise of land to certain persons "to enjoy and hold the same as tenants in common," and which gives no right, nor use, possession or enjoyment thereof, to any other person or persons, vests a fee-simple in said devisees.

October 9th 1878. Before AGNEW, C. J., SHARSWOOD, MER-CUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas. No. 1, of *Allegheny county* : Of October and November Term, 1878. No. 1.

Ejectment by Sarah Dodds against Eliza Crosky, for the undivided half of a tract of land. David Crosky, by his will, dated in 1839, made the following provision :

"And it is my desire and will that they aforesaid, Ann Crosky my wife, my daughter Ann Crosky, my daughter Mary Crosky, and my daughter Elizabeth Crosky, and the survivor or survivors of them, shall enjoy the south half of my place, containing fifty acres and allowance (being the balance after the fifty acres I have already conveyed to my son David), situated in Pine township, to hold the same as tenants in common."

At the time the testator, David Crosky, made his will he had four daughters and three sons. All are dead except the plaintiff. By virtue of conveyances made during their lifetime, their interest and that of their mother in the south half of the place became vested in David Crosky, their brother. He died, leaving his wife, Eliza Crosky, the defendant, and children to survive him.

Eliza Crosky is in possession of the premises, and claims that the clause in the will of David Crosky permitting the testator's wife and daughters, Mary, Ann and Elizabeth, and the survivor or survivors of them, to enjoy the south half of his place, vested in them a fee-simple, and that their interest having become vested in her husband by conveyances from them, that the plaintiff below has no title to any part of the premises. Sarah Dodds, the plaintiff below, was married at the time her father made his will. She claims that the clause in the will above referred to vested only a life-estate in her mother and sisters in the south half of her father's farm ; and that all of her brothers and sisters except one, David Crosky, having died without issue, that she is entitled to the undivided half of the same as one of the heirs of her father, David Crosky, for which interest this ejectment was brought.

The other material facts are stated in the opinion of this court.

*Thomas M. Marshall*, for plaintiff in error.—Since the act of April 8th 1833, all devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by devise

[Crosky *v.* Dodds.]

over, or words of limitation or otherwise in the will, that the testator designed to devise a life-estate.

A devise of the income and profits of land is a devise of the land itself: 2 Jarman on Wills 534; Leech *v.* Robinson, 24 P. F. Smith 276; Silknitter's Appeal, 9 Wright 365; Wilson *v.* Mc-Keehan, 3 P. F. Smith 79; Drusadow *v.* Wilde, 13 Id. 170. The word "enjoy" with survivorship is certainly as large and comprehensive as the " rents and profits.' And in the language of the statute of 1833 there are " no words of limitation" or " devise over" showing an intent to restrict the scope of enjoyment of the land devised. The law favors " that construction which vests an estate absolutely at the earliest possible period :" Fulton *v.* Fulton, 2 Grant 28; Zerbe *v.* Zerbe, 3 Norris 147.

*J. C. McCombs* and *J. W. Over*, for defendant in error.—The testator does not say that he *gives* the fifty acres to his wife and three daughters, or that he *wills* or *devises* it to them. He simply expresses his desire that they should *enjoy* it. This word in its common acceptation only means the temporary use of a thing. It does not signify anything permanent or stable. The thought of the testator was that their *enjoyment* of and interest in the land would terminate with their death.

Mr. Justice MERCUR delivered the opinion of the court, October 21st 1878.

This was an action of ejectment. The plaintiff in error claimed title under the last will and testament of David Crosky. After giving a small specific legacy to several of his children, the testator gave to his wife and three unmarried daughters, and " the survivor or survivors" of them, all his personal estate. Then follows the clause on which the contention arises: " And it is my desire and will that they, aforesaid, Ann Crosky my wife, my daughter Ann Crosky, my daughter Mary Crosky, and my daughter Elizabeth Crosky, and the survivor or survivors of them, shall enjoy the south half of my place, containing fifty acres and allowance (being the balance after the fifty acres I have already conveyed to my son David), situated in Pine township, to hold the same as tenants in common." This action was for the land thus devised. The jury found for the plaintiff below, subject to the opinion of the court, on the question of law reserved, whether the devisees took a life estate or a fee-simple. If the former, then judgment to be entered on the verdict in favor of said plaintiff, if the latter, judgment to be entered for the defendant below *non obstante veredicto*. The court entered judgment for the plaintiff below. The true construction of this clause in the will, presents the only question in the case.

The 9th section of the Act of 8th April 1833, Purd. Dig. 1475, pl. 10, declares, " all devises of real estate shall pass the whole

[Crosky *v.* Dodds.]

estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation or otherwise, in the will, that the testator intended to devise a less estate."

The clause cited shows it was the testator's "will" that the devisees named should "enjoy" the land devised and "hold the same as tenants in common." There is no devise over of these lands. There is neither any other specific devise of them, nor any residuary disposition of them. He declares that he had already conveyed a part of the lands to his son. "The balance," that is, all the residue of said lands, he gave to his wife and daughters named, to "enjoy" together. The will gave no right, nor use, possession or enjoyment thereof, to any other person or persons. The devisees could not fully "enjoy" these lands, without taking the rents, issues and profits thereof. It is manifest that the testator did not intend to give them any less interest than the rents, issues and profits. If he intended to devise those, it is a devise of the land itself as fully as he held the same, unless it appears in the will that he intended to devise a less estate: France's Estate, 25 P. F. Smith 220. We discover no language in the will indicating an intention to give these devisees less than a fee-simple. The testator manifestly intended to devise all his real estate. Unless the fee passed under the clause in question, we are forced to the conclusion, that as to this, he died intestate. Such a conclusion is unwarranted by any language therein contained: Shinn *v.* Holmes, 1 Casey 142; Hall *v.* Dickenson, 7 Id. 76; Schoonmaker *v.* Stockton's Adm'r, 1 Wright 461. But in order to reduce a devise of real estate to less than the whole estate of the testator therein, such an intention must appear in the will. If, therefore, the language used threw some doubt over the question, yet we could not say that it thereby followed that such a restricted intention appeared in the will. Due effect should still be given to the statute by declaring the whole estate of the testator passed: Shirey *et al. v.* Postlethwaite *et al.*, 22 P. F. Smith 39. The learned judge erred in holding the devisees took a life-estate only, and the judgment entered on the reserved question must be reversed.

Judgment reversed, and now October 21st 1878, judgment in favor of the plaintiff in error, *non obstante veredicto.*